IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| MOUZIN BROTHERS FARMS, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | 7 : 20-CV-197 (TQL) |
| RANDY DOWDY, and | : | |
| RANDY DOWDY FARMS, LLC, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

Pending is Defendants' Expedited Motion for Leave to Take the Deposition of Jason Wamba, in which Defendants seek a reopening of the discovery period for the purpose of taking said deposition. (Doc. 71). Pursuant to the Scheduling Order entered on December 17, 2020, the discovery period was originally set to end on June 30, 2021. (Doc 15). The discovery period has since been extended, based on motions filed by one or both sets of counsel, eight (8) times. (Docs. 29, 31, 33, 35, 41, 46, 50, 60). Pursuant to the Court's Order issued on June 24, 2022, the discovery period ended on July 29, 2022. (Doc. 60).

In his declaration filed in support of the Motion for Leave, Defendants' attorney states that he received an email from one of Plaintiff's attorneys on July 29, 2022, advising that Plaintiff's counsel were in the process of obtaining an affidavit from Jason Wamba, a Georgia Department of Agriculture employee. (Doc. 71-1, ¶ 3). A copy of this email, submitted by Defendants in support of their reply, shows that Plaintiff's counsel also identified Mr. Wamba "as a potential witness for Mouzin Brothers Farms" in the July 29, 2022 email. (Doc. 76-2). On August 5, 2022, Defendant Dowdy contacted the Commissioner

of Agriculture, and was told that statements had been submitted to, but not signed by, Mr. Wamba. (Doc. 71-1, ¶ 6). In response to an Open Records Act request, on August 8, 2022, Defendants were provided with the two (2) proposed affidavits submitted by Plaintiff for Mr. Wamba's signature in June and July 2022. *Id.* at ¶ 8. These proposed affidavits reference the issue of whether Plaintiff's renewal of its agricultural dealer license was retroactive. (Doc. 71-2).  On September 6, 2022, Defendants served Plaintiff's counsel with a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure, which was later filed with the Court. (Doc. 71-1, ¶ 13; Doc. 72).

Counsel for Defendant states that counsel for both Plaintiff and Defendants communicated with Mr. Wamba in June 2020, and that at that time Mr. Wamba told counsel for both parties that Plaintiff's renewal of its Georgia dealer's license was not retroactive. (Doc. 71-1, ¶ 15). Defendants maintain that

> [b]ased on Plaintiff's June and July [2022] actions and communicated arguments, it has, unfortunately, become necessary to obtain Jason Wamba's testimony regarding the exchanges of information in June 2020 so that the court need not rely on statements of counsel, but rather on the sworn testimony of the very person who has both personal knowledge and the ability to inform the Court as to the impropriety of Plaintiff's secret submissions to the D.O.A.

*Id.* at ¶ 17.

### *Analysis*

Pursuant to Rule 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." *See also* Fed. R. Civ. P.

16(b)(4) (providing that a "schedule may be modified only for good cause and with the judge's consent"). Defendants filed their motion to reopen and extend the discovery period after the discovery period set by the Court had expired, and thus, Defendants must show both good cause and excusable neglect to establish the basis for reopening the discovery period. *Payne v. C.R. Bard, Inc.,* 606 F. A'ppx 940, 944 (11th Cir. 2015); *Earthcam, Inc. v. OxBlue Corporation*, 703 F. A'ppx 803, 813 (11th Cir. 2017). In addition, the Court's Order of June 24, 2022 (Doc. 60) made clear that, "[t]he Court does not anticipate granting any further extensions of the discovery or dispositive motion deadlines, and shall not do so absent a timely showing of good cause."

To establish good cause a party must show that the "schedule [could not] be met despite the diligence of the party seeking the extension". *Id.* "[T]he fact that [a party or his counsel] misunderstood [a legal issue] does not constitute good cause." *Oravec v. Sunny Isles Luxury Ventures, L.C.,* 527 F.3d 1218, 1232 (11th Cir. 2008) (party's assertion that he lacked notice of a jurisdictional concern until a ruling from the court did not establish good cause). Additionally, "the moving party cannot establish the diligence necessary to show good cause if it had full knowledge of the information before the scheduling deadline passed or if the party failed to seek the needed information before the deadline." *Williams v. Blue Cross and Blue Shield of Florida, Inc.,* 2010 WL 3419720, *1 (N.D.Fla. 2010).

To determine whether a party has established excusable neglect, courts consider the danger of prejudice to the nonmovant if the deadline is extended, the length of the delay involved and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in

good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993).

Defendants have failed to establish good cause for reopening the discovery period, and have failed to show that their failure to obtain the identified deposition within the discovery period set by the Court was due to excusable neglect. Defendants have failed to establish the diligence necessary to show good cause, as Defendants knew of Mr. Wamba and were aware of the substance of his purported testimony regarding retroactivity of Plaintiff's dealer license as early as June 2020. Defendants then waited until almost two (2) months after the close of discovery to seek Wamba's deposition. Further, Defendants knew about the affidavits submitted by Plaintiff for Mr. Wamba's signature as early as August 8, 2022, yet waited until September 26, 2022 to seek to reopen discovery. Thus, Defendants had full knowledge of the information they now seek prior to the close of the discovery period, and they have failed to establish good cause to reopen the discovery period. *Williams*, 2010 WL 3419720, *1. At most, Defendants have shown that they did not know Plaintiff might seek to raise an issue as to the retroactivity of its agricultural dealer license, but such lack of knowledge as to a potential legal issue does not establish good cause. *Oravec,* 527 F.3d at 1232.

Moreover, Defendants have not established excusable neglect for their failure to complete discovery within the period set by the Court. In evaluating whether a party has established excusable neglect regarding a motion to reopen discovery, courts place primary importance on consideration of prejudice to the nonmoving party and the interest of efficient judicial administration. *Ashmore v. Sec'y, Dep't of Transp.,* 503 F. A'ppx 683, 685-686 (11th

4

Cir. 2013). "Because the impact on judicial proceedings of extending discovery varies from case to case, district courts have considerable leeway in handling discovery matters." *Earthcam*, 703 F. A'ppx at 814.

The Court finds that the danger of prejudice to the nonmovant if the deadline is extended and the length of the delay involved and its potential impact on judicial proceedings show that Defendants have not established excusable neglect. As previously noted, discovery has already been extended numerous times, and further, all parties have filed dispositive motions. Defendants' assertions that the relevance of Mr. Wamba's testimony increased after Plaintiff sought his affidavit do not provide a reason for the delay that was outside of Defendants' control. *See In re: 3M Combat Arms Earplug Products Liability Litigation*, 2021 WL 6327368, *3 (N.D.Fla. 2021) (Defendants' mistaken belief that evidence would not be admissible at trial and fact that evidence "turned out to be more important . . . are entirely within Defendants' control and do not demonstrate excusable neglect.").

Accordingly, as Defendants have not established good cause nor excusable neglect for their failure to complete discovery within the deadline set by the Court, and as their motion is untimely, Defendants' Expedited Motion for Leave to Take the Deposition of Jason Wamba is **DENIED**. (Doc. 71).

**SO ORDERED**, this 17th day of October, 2022.

s/ *Thomas Q. Langstaff*
UNITED STATES MAGISTRATE JUDGE