IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| MOUZIN BROTHERS FARMS, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | 7 : 20-CV-197 (TQL) |
| RANDY DOWDY, and | : | |
| RANDY DOWDY FARMS, LLC, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

Pending is Defendants' Motion for Sanctions under Rule 11 of the Federal Rules of Civil Procedure. (Doc. 72). Defendants allege that Plaintiff filed and continues to maintain this suit knowing that its claims are "false or frivolous". *Id.* Defendants seek the imposition of sanctions under Rule 11 against Plaintiff, and the opportunity to seek their reasonable attorney's fees and costs.

Pursuant to Rule 11(b),

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – any attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if

> specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

The Court finds that Defendants' Motion for Sanctions is premature. "Although the timing of sanctions rests in the discretion of the trial judge, 'it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation, and in the case of motions at the time when the motion is decided or shortly thereafter.'" *Donaldson v. Clark,* 819 F.2d 1551, 1555 (11th Cir. 1987), *quoting* Advisory Committee Note to Rule 11, as amended in 1983; *see also Baker v. Alderman,* 158 F.3d 516, 524 (11th Cir. 1998) (Rule 11 sanctions issue normally determined at the end of the litigation).

Defendants relate their Motion for Sanctions specifically to the bringing of this action, and as such, the Motion is an issue to be determined at the end of the litigation. The Court notes that motions for summary judgment have been filed by both Plaintiff and Defendants, and the Court has not yet resolved these motions. "[I]f the challenged conduct is that there is no factual support for the institution of the action itself . . . the question of whether there has been a Rule 11 violation generally should not be decided until after the litigation is completed." 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1337.1 (4th ed).

Moreover, a substantial basis for Defendants' Motion is the alleged lack of merit of

the claims brought by Plaintiff, the same general basis for Defendants' pending Motion for Summary Judgment. Courts have recognized that Rule 11 should not be used as a substitute for a dispositive motion or as an attempt to convert a dispute over factual and legal allegations into a sanctions dispute. *Almeida v. Bennet Auto Supply, Inc.,* 335 F.R.D. 463, 465 (S.D. Fla. 2020); *KB Home v. Smith,* 2014 WL 12621583 (M.D. Fla. 2014), *citing* Advisory Committee Notes for Rule 11 ("Rule 11 motions . . . should not be employed . . . to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes"); *Lawson v. Sec'y, Dep't of Corr.,* 2014 WL 1491862, *1 (11th Cir. 2014) ("The imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate.").

Accordingly, Defendants' Motion for Sanctions is **DENIED** at this time. The motion may be refiled at a later time if appropriate.

**SO ORDERED**, this 9th day of November, 2022.

s/ *Thomas Q. Langstaff*
UNITED STATES MAGISTRATE JUDGE