IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

MOUZIN BROTHERS FARMS, LLC,

Plaintiff,

VS.

RANDY DOWDY, and
RANDY DOWDY FARMS, LLC,

Defendants.

**7 : 20-CV-197 (TQL)**

**ORDER**

Pending is Defendants' Motion for Summary Judgment. (Doc. 75). Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from any such judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

BACKGROUND

Plaintiff Mouzin Brothers Farms, LLC is an Indiana based company that grows fresh produce. Dennis Mouzin is one of the owners of Mouzin Brothers Farms, LLC. Dennis Mouzin and Defendant Randy Dowdy, a Georgia farmer, discussed the possibility of Randy Dowdy growing sweet corn for Mouzin Brothers Farms, LLC, beginning in February or March 2020. Despite multiple communications between the parties discussing potential written contracts, the parties never executed a written contract.

Corn seed was delivered to Randy Dowdy, and was planted and grown by Randy Dowdy in Brooks County, Georgia. A portion of the crop was harvested and transported by

Plaintiff. Defendant Randy Dowdy sold the remainder of the crop to a third party. Plaintiff filed this diversity action in October 2020, raising claims of breach of contract, promissory estoppel, unjust enrichment, and conversion. (Doc. 1). Randy Dowdy Farms, LLC was added as a Defendant by Order dated March 30, 2021 (Doc. 21), and has asserted counterclaims. (Doc. 22).

ANALYSIS

***Summary Judgment standard***

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

As the parties moving for summary judgment, Defendants have the initial burden to demonstrate that no genuine issue of material fact remains in the case, as to the issues Plaintiff has identified. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant "always bears the initial

responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials - including the facts considered undisputed - show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). Defendants have supported their motion with Randy Dowdy's declaration, various documentary exhibits, and deposition transcripts. (Docs. 75-2 – 75-25).

***Choice of law***

In cases such as this brought in federal court and based on diversity of citizenship, the federal court is bound by the substantive law of the state where the district court is sitting. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64,78 (1938). The parties appear to agree that Georgia law governs the agreement at issue, as Plaintiff relies on Georgia law to interpret the agreement, and Defendants have not raised an objection to that portion of Plaintiff's argument.

There is nothing in the record to indicate that a choice of governing law was part of any agreement between the parties. In an "example" agreement provided by Dennis Mouzin to Randy Dowdy in March 2020, there is an election of Georgia law. (Doc. 69-3, p. 144). In subsequent draft contracts provided by Dennis Mouzin to Randy Dowdy, Indiana law was to have been the governing law. (Doc. 69-3, pp. 213, 223, 232).

"In determining which law applies [in contract disputes], a federal district court

sitting in diversity must apply the choice of law rules of the forum state." *Clanton v. Inter.Net Global, L.L.C.,* 435 F.3d 1319, 1323 (11th Cir. 2006). Georgia is the forum state, and Georgia courts look to the traditional rule of *lex loci contractus*, dictating that the law of the place where the contract was made governs contract interpretation, unless it appears from contract itself that it is to be performed in another state. *See General Telephone Co. of Southeast v. Trimm,* 252 Ga. 95, 311 S.E.2d 460 (1984) (finding that traditional rule of *lex loci contractus* applies to Georgia contract, dictating that law of place where the contract was made governs contract interpretation, unless it appears from contract itself that it is to be performed in another state; the last act essential to completion of the contract having occurred in Georgia, Georgia law applies); *see also GE Commercial Finance Business Property Corp. v. Heard,* 621 F. Supp. 2d 1305, 1307-1308 (M.D.Ga. 2009) (CDL), *internal citations omitted* ("Georgia, the forum state here, follows the traditional rule of *lex loci contractus*. Under this approach, [contracts] are to be governed as to their nature, validity and interpretation by the law of the place where they were made . . . Therefore, as to [] Georgia contracts, Georgia law shall apply in determining their validity".).

Although it is unclear at this time as to whether the last act essential to the completion of any contract occurred in Georgia or Indiana, the Court finds that the parties have waived any argument as to the possible application of Indiana law. *See Occidental Fire & Casualty Company North Carolina, Inc. v. Barnhart,* 2014 WL 12042531,*n.2 (N.D. Ga 2014) (finding choice of law arguments waived as not argued or opposed by parties, and noting Court's lack of awareness of contrary conclusion under second state's law). *See also Liberty Mutual Fire Insurance Company v. State Farm Florida Insurance Company,* 2022 WL

1025164, *3 (11th Cir. 2022) ("Because Liberty sued in the Southern District of Florida, we apply Florida's choice of law rules. And because neither party disputes that Florida substantive law governs under those choice of law rules, we apply Florida law".). Moreover, a review of Indiana law does not reveal any substantive distinctions when compared to Georgia law governing contracts.

Georgia law also applies to Plaintiff's claims of unjust enrichment, promissory estoppel, and conversion. *Terrill v. Electrolux Home Products, Inc.,* 753 F. Supp. 2d 1272, 1290 (S.D.Ga. 2010) ("Because unjust enrichment is a common-law claim, Georgia choice-of-law rules require application of Georgia law to each Plaintiff's unjust enrichment claim."), *citing Frank Briscoe Co., Inc. v. Georgia Sprinkler Co., Inc.,* 713 F.2d 1500, 1503 (11th Cir. 1983); *Mesa Air Group, Inc. v. Delta Air Lines, Inc,.* 2010 WL 11508953, *21 (N.D.Ga. 2010) (applying Georgia law to equitable estoppel claim, as execution of agreement and conduct giving rise to the claim occurred in Georgia); *Management Science America, Inc. v. NCR Corp.,* 765 F.Supp. 738, 739 (N.D.Ga. 1991) ("For claims sounding in tort, Georgia continues to apply the traditional choice of law principles of *lex loci delicti*. Under this system, the law of the place where the injury occurred, rather than the place where the act was committed, determines the substantive rights of the parties.").

***Dowdy declaration***

In support of his Motion for Summary Judgment, Randy Dowdy executed a declaration on September 29, 2022. (Doc. 75-2). Dowdy states that he makes the declaration "under penalty of perjury pursuant to the laws of the State of Georgia", and that he makes the declaration "of my personal knowledge in support of my and my company's motion for Summary Judgment". *Id.* The document is not notarized, and does not state that the

testimony is true and correct. *Id.* As such, the document does not satisfy the statutory requirements for an unsworn declaration under 28 U.S.C. § 1746, and will not be considered by the Court.

> At the summary judgment stage, parties may submit traditional affidavits sworn under oath before a notary (or other oath-taker) affixed with the notary seal. . . Unsworn statements may not be considered by a district court in evaluating a motion for summary judgment. An unsworn statement is incompetent to raise a fact issue precluding summary judgment.
>
> A statutory exception to this rule exists under 28 U.S.C. § 1746, . . . [which] has these statutory requirements for an unsworn statement to substitute for a sworn affidavit: The declarant must (1) date and sign the document, and (2) subscribe its content as "true," (3) under "penalty of perjury", (4) in substantially the above-quoted pattern language.

*Roy v. Ivy,* 53 F.4th 1338, 1347-48 (11th Cir. 2022).

Further, Defendant Dowdy's subsequently filed declaration, wherein he states that his earlier "declaration's statement was also true and correct", does not correct the issue, as the subsequent document also is not notarized, and does not state that the testimony therein is true and correct as required by 28 U.S.C. § 1746. (Doc. 94-1). Additionally, the subsequent declaration does not identify which "statement" in the earlier declaration "was also true and correct". *Id.*

Plaintiff's Motion to Strike Dowdy's declaration as inconsistent with his earlier deposition testimony is **DENIED as moot.** (Doc. 90).

***Defendants' summary judgment showing***

Defendants initially assert that the contract as alleged in Plaintiff's Complaint "never existed", that Plaintiff cannot enforce any agreement as a result of not having the required

Georgia agricultural dealers' license, and that any agreement was required to be reduced to writing. Defendants further argue that Plaintiff improperly repudiated the agreement and failed to mitigate damages, resulting in an equitable bar to Plaintiff's claims against Defendants. Defendants further claim that they are entitled to judgment on Plaintiff's promissory estoppel, conversion, and unjust enrichment claims, and that Defendants are entitled to judgment on their counterclaims.

With very few exceptions, Defendants do not cite to the record or to case law in support of their positions. Defendants cite to only a limited number of the exhibits filed in support of their motion, without adequate explanation or discussion. Moreover, Defendants vacillate between arguments that some terms of an agreement existed, and that an agreement did not exist. "[A] party cannot have it both ways; it cannot rely on the contract when it works to its advantage and then repute it when it works to its disadvantage." *A.L. Williams & Associates v. McMahon,* 697 F. Supp. 488, 494 (N.D.Ga. 1988).

Although a party moving for summary judgment, as to issues on which it does not have the burden of proof at trial, may meet its summary judgment burden by showing that there is an absence of evidence to support the non-movant's claims, "it is never enough to simply state that the non-moving party cannot meet its burden at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). Instead, the moving party must point to specific portions of the record in order to demonstrate that the nonmoving party cannot meet its burden of proof. *Celotex*, 477 U.S. at 325.

In order to meet their burden as the movants for summary judgment, Defendants must provide more than a mere assertion that Plaintiff cannot prove its case. "[T]he movant must

first *demonstrate* that the non-moving party *cannot* carry its burden of proof *at trial*." *Anderson v. Radisson Hotel Corp.*, 834 F.Supp. 1364, 1368 (S.D.Ga. 1993). As in *Anderson*, "[a]lthough Defendant[s] make[] general references in the motion . . . to various [] materials, . . . Defendants do[] not bother to review any of the evidence for the Court in an attempt to demonstrate that Plaintiff[] will not be able to carry [its] burden of proof at trial. . . If this meager 'effort' were deemed to carry the movant's initial burden, then that 'burden' would in truth be no burden at all, and summary judgment would be reduced to nothing more than a tool for smoking out the trial strategy of the opposing party." *Id.* at 1369. At most, Defendants have provided the Court with a summary of their arguments, without adequate explanation or support for their positions.

As to the affirmative defenses and counterclaims on which Defendants bear the burden of proof at trial, Defendants "must show *affirmatively* the absence of a genuine issue of material fact . . . [meaning that they] must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1115 (11th Cir. 1993). Defendants have failed to make this showing as to their affirmative defenses and counterclaims in their Motion for Summary Judgment.

As Defendants have failed to meet their burden as the parties moving for summary judgment, Defendants' Motion for Summary Judgment is **DENIED**. (Doc. 75).

**SO ORDERED**, this 30th day of December, 2022.

s/ ***Thomas Q. Langstaff***

UNITED STATES MAGISTRATE JUDGE