IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| MOUZIN BROTHERS FARMS, LLC, | : |
| Plaintiff, | : |
| VS. | : |
| | : 7 : 20-CV-197 (TQL) |
| RANDY DOWDY, and | : |
| RANDY DOWDY FARMS, LLC, | : |
| Defendants. | : |

**ORDER**

Pending is Plaintiff's Motion for Attorneys' Fees. (Doc. 65).

BACKGROUND

Plaintiff Mouzin Brothers Farms, LLC, an Indiana based company, filed this diversity action against Randy Dowdy, raising claims of breach of contract, unjust enrichment, promissory estoppel, and conversion. (Doc. 1). Randy Dowdy Farms, LLC was added as a Defendant on March 30, 2021 (Doc. 21), and filed a counterclaim on April 9, 2021 (Doc. 22).

Plaintiff filed a Motion to Compel on May 19, 2022, seeking an order requiring Defendants to produce unredacted telephone bills for certain months in 2020. (Doc. 51). In response to this motion, Defendants sought a protective order as to the confidentiality of the records. (Doc. 56). The Court granted Plaintiff's Motion to Compel and denied Defendants' Motion for a Protective Order by Order dated July 8, 2022, and permitted Plaintiff to file a Motion for Attorney's Fees within thirty (30) days. (Doc. 63).

ANALYSIS

Plaintiff seeks attorneys' fees in the amount of $15,191.00, based on attorney work hours performed by two (2) attorneys totaling 31.9 hours, and 1.1 hours of work performed by a paralegal. (Doc. 65). Plaintiff maintains that at all relevant times, attorney Alan Townsend's rate was $490 per hour, attorney Brad Dick's rate was $435 per hour, and paralegal Sabrina Gill's rate was $260 per hour. *Id.*

Pursuant to Rule 37(a)(5), if a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion". Fed. R. Civ. P. 37 (a)(5)(A). However, if the "opposing party's nondisclosure, response, or objection was substantially justified", the court must not order this payment. Fed. R. Civ. P. 37 (a)(5)(A)(ii).

In response to Plaintiff's Motion, Defendants argue both that the motion should be denied and that the amount of attorneys' fees should be reduced. (Doc. 66).

***Motion for Attorneys' Fees***

Defendants argue that that the motion should be denied because Plaintiff allegedly did not actually use the obtained discovery, therefore evidencing that the Motion to Compel was filed for "harassment value", that Plaintiff did not act in good faith in attempting to obtain the discovery, and that Defendants' objection to the unrestricted provision of the discovery materials was substantially justified based on Dennis Mouzin's alleged threats against Randy Dowdy. (Doc. 66).

In granting Plaintiff's Motion to Compel, the Court found that the telephone bills

sought by Plaintiff were relevant and that the discovery request was proportional to the needs of the case. (Doc. 63). Contrary to Defendants' assertions, the Court denied their Motion for Protective Order, finding that Defendants had failed to demonstrate, with particular and specific demonstrations of fact, the necessity of a protective order (Doc. 63, p. 4).

To the extent that Defendants argue that Plaintiff failed to attempt in good faith to obtain the discovery prior to filing the Motion to Compel, Plaintiff filed a proper certification of good faith, and no objection was raised thereto by Defendant. (Doc. 53). This certification satisfied Rule 37(a)(5)(A)(i) and Local Rule 37.

"A court must impose attorney's fees and expenses when compelling discovery unless the party was substantially justified in resisting discovery. Substantially justified means that reasonable people could differ as to the appropriateness of the contested action." *Maddow v. Procter & Gamble Co., Inc.,* 107 F.3d 846, 853 (11th Cir. 1997), *internal citations omitted*.

In opposing Plaintiff's request for production of the unredacted telephone bills and Plaintiff's Motion to Compel, Defendants maintained that the unredacted bills were not relevant to issues in the case, asserting that Plaintiff "wants, what it wants, merely because it wants it". (Doc. 57, p. 10). Defendants also expressed concern over how Plaintiff, and Dennis Mouzin, would use the information in the telephone bills, given Dennis Mouzin's previous threats against Randy Dowdy. (Docs. 56, 57, 62). At some point prior to the Court granting Plaintiff's Motion to Compel, Defendants did provide Plaintiff with redacted copies of the requested telephone bills, and offered to provide the unredacted telephone bills as long as only Plaintiff's counsel could view the bills.

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may

obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case". Fed. R. Civ. P. 26(b)(1). Relevant evidence is defined as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a).

Defendants' contention that the unredacted telephone bills were not relevant and discoverable is contradicted by their provision of the redacted version without objection, and their willingness and lack of objection to providing the unredacted version, with certain limitations on who could view the discovery. Defendants argue that the "sole reason" they asked that the unredacted version be viewed only by counsel was that "Dennis Mouzin threatened to destroy Defendants' farming business". (Doc. 62, p. 1). Defendants did not assert any sort of privilege or other protection as to the unredacted telephone bills.

Reasonable people could not differ as to the appropriateness of Defendants' position that the unredacted bills were not relevant to any issue in the case. Defendants' position was contradicted by their own responses to the discovery request, as Defendants ultimately offered to provide the bills in unredacted form without objection as to relevancy. As found in the Court's Order granting Plaintiff's Motion to Compel, the "scope of discovery is generally broadly construed", and Plaintiff's request for the unredacted telephone bills was relevant to the issues in the case. (Doc. 63); *Eckhardt v. United States,* 2021 WL 2516555, *2 (M.D.Ga. 2021) (TES). Therefore, the Court finds that Defendants' position in opposition to Plaintiff's discovery request was not substantially justified.

As Defendants have not established that Plaintiff filed the Motion to Compel prior to attempting in good faith to obtain the discovery, that Defendants' opposition to the discovery

request was substantially justified, or that other circumstances make an award of expenses unjust, Plaintiff's Motion for Attorneys' Fees must be granted under Rule 37(a)(5).

*Calculation of attorneys' fees*

Defendants argue that any fee award should be reduced to time spent on the actual Motion to Compel, as opposed to the entire spectrum of negotiations surrounding the motion, that Plaintiff has relied on block billing, making it difficult to determine whether the work was necessary or reasonable, and that any lodestar amount should be reduced. (Doc. 66).

1. **Hourly rate**

In calculating attorney's fees, courts must "multiply hours reasonably expended by a reasonable hourly rate." *Norman v. Hous. Auth.,* 836 F.2d 1292, 1299 (11th Cir. 1988). The

> reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. It should also be noted that in line with the goal of obtaining objectivity, satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate.

*Norman*, 836 F.2d at 1299.

Plaintiff requests fees at hourly rates of $490, $435, and $260 per hour for the work of two (2) attorneys and one (1) paralegal. (Doc. 65-1). Plaintiff has submitted the statement of counsel Alan S. Townsend, one of the attorneys performing the work herein, who states that "I believe the requested amount of $15,191.00 for attorneys' fees and [sic] is reasonable". (Doc. 65-

1, ¶14).[1] This is the only evidence Plaintiff presents to establish that the hourly rate requested is in line with prevailing market rates. Pursuant to the dictates of *Norman*, this statement, where counsel of record states that the total fee requested is "reasonable", is not satisfactory evidence that the requested rates are examples of prevailing market rates.

"Failure of the parties to provide sufficient evidence to support the relief requested or precise objections will not, however, prevent the court from determining a reasonable fee." *Butler v. Crosby,* 2005 WL 3970740 (M.D.Fla. 2005). "The court itself is an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to the reasonable of the fee request." *Dependable Component Supply, Inc. v, Carrefour Informatique Tremblant, Inc.* 572 F. A'ppx 796, 802 (11th Cir. 2014).

The "relevant legal community" is presumed to be where the case was filed. *Cullens v. Ga. Dep't of Transp.,* 29 F.3d 1489, 1494 (11th Cir. 1994). Based on its own experience and knowledge, the Court finds that the rates requested are not reasonable hourly rates in this legal community for the purpose of awarding fees to Plaintiff. *See Nutrien Ag Solutions , Inc. v. Atkinson,* 2022 WL 8219202, *3 * (M.D.Ga. 2022) (WLS) (finding in a contract dispute case, in June 2022, that the prevailing hourly rate in this district to be in the range of $200-$350, based on prior opinions of the Court). The Court finds that Plaintiff is entitled to reasonable attorney's fees at the hourly rate of $350 for attorney Townsend and $300 for attorney Dick.

---

[1] Although counsel has labeled this statement an "Affidavit", the statement is not notarized. (Doc. 65-1). Inasmuch as attorney Townsend does sign and date the statement, states that he gives the statement "on the basis of personal knowledge", and he "affirm[]s, under the penalties [sic] of perjury, that the foregoing representations are true", the Court finds that the statement does satisfy 28 U.S.C. § 1746 as an unsworn declaration under penalty of perjury. *See Roy v. Ivy,* 53 F.4th 1338, 1347-48 (11th Cir. 2022); *Stenger v. World Harvest Church, Inc.,* 2006 WL 870310, *13 (N.D.Ga. 2006) (finding that language alluding to "information" and belief", "while perhaps unfortunate", did not require the court to disregard affidavit testimony based on personal knowledge of affiant).

### 2. Number of hours

Defendant requests fees based on a total of 31.9 hours of attorney work. "[E]xcessive, redundant or otherwise unnecessary hours should be excluded from the amount claimed. . . In the final analysis, exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court. . . . [W]here the time or fees claimed seem expanded or there is a lack of documentation or testimonial support the court may make the award on its own experience." *Norman*, 836 F.2d at 1301,1303.

The Court finds that the total work hours claimed by Plaintiff are excessive. Rule 37(a)(5) "clearly provides only for an award of attorney's fees 'incurred in making the motion [to compel]'". *Nutrien Ag Solutions,* 2022 WL 8219202 at *2. Plaintiff has failed to demonstrate that fees incurred in reviewing discovery responses, preparing Plaintiff's good faith certification, participating in discussions regarding "discovery disputes", and addressing Defendants' Motion for Protective Order should reasonably be included in the hours incurred in making the motion to compel. *See KEG Technologies, Inc. v. Lanier*, 2010 WL 11509136, *2 (N.D.Ga. 2010) (movant not entitled to fees not shown to be related to making of motion to compel); *Daniel v. Chase Bank, USA, N.A.,* 2008 WL 11338199 (N.D.Ga. 2008) (movant only entitled to fees incurred in bringing the motion to compel).

Accordingly, the Court reduces these hours to 18.3 total hours, with 11.6 hours for attorney Dick and 6.7 for attorney Townsend. In reaching this number of total hours, the Court eliminated the hours claimed for March 18-28, May 26-27, June 1-17, 29, and July 5-14, as these hours did not clearly pertain to making the motion to compel.

### 3. Paralegal hours

Plaintiff also seeks to recover for 1.1 hours of work performed by paralegal Sabrina Gill,

at a rate of $260 per hour. Records provided by Plaintiff show that Sabrina Gill conducted a "[r]eview of time records regarding Motion to Compel for Petition for Legal Fees" on July 14, 2022, for a total of 1.1 hours. (Doc. 65-1, p. 26). Fees for paralegal work are recoverable, but only "to the extent that the paralegal performs work traditionally done by an attorney." *Jean v. Nelson,* 863 F.2d 759, 778 (11th Cir. 1988).

Plaintiff has not established that the task completed by Sabrina Gill for which Plaintiff seeks fees, "review of time records", was work traditionally performed by an attorney. The party requesting fees "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *ACLU v. Barnes,* 168 F.3d 423, 427 (11th Cir. 1999). Plaintiff will not be awarded fees for the work of a paralegal only described as "review of time records", as such appears more clerical in nature than work traditionally done by an attorney.

Accordingly, Plaintiff's Motion for Attorneys' Fees (Doc. 65) is **GRANTED-IN-PART**, and Defendants are **ORDERED and DIRECTED** to pay attorneys' fees in the amount of **$3480** (11.6 hours x $300) + **$2345** (6.7 hours x $350), for a total of **$ 5825.00.** Defendants shall pay this amount to Plaintiff within thirty (30) days of the date of this Order.

**SO ORDERED**, this 6th day of January, 2023.

s/ ***Thomas Q. Langstaff***
UNITED STATES MAGISTRATE JUDGE