IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

FILED '23 03 02 PM03:26 MDGA-ALB

| | |
|---|---|
| MOUZIN BROTHERS FARMS, LLC, : | |
| : | |
| Plaintiff, : | |
| : | |
| VS. : | 7 : 20-CV-197 (TQL) |
| : | |
| RANDY DOWDY, and : | |
| RANDY DOWDY FARMS, LLC, : | |
| : | |
| Defendants, : | |
| and : | |
| : | |
| RANDY DOWDY FARMS, LLC, : | |
| : | |
| Counterclaimant, : | |
| : | |
| VS. : | |
| : | |
| MOUZIN BROTHERS FARMS, LLC, : | |
| : | |
| Defendant-in-counterclaim. : | |

# ORDER

The Court will apply the following rules and instructions to all counsel and parties at the trial in this case (in addition to the usual rules of conduct and decorum):

1. Trial days shall begin promptly at the time set by the Court and conclude by no later than 5 p.m. All counsel and parties shall be present and ready to proceed at the scheduled hour.

    a. During the presentation of its case-in-chief, the party or parties shall ensure that witnesses are present and available in order to prevent any loss of trial time due to witness absence or tardiness. If a witness is not present and available at the time called, the next available witness shall be called.

    b. Counsel for the parties shall cooperate and confer in good faith in advance in an effort to accommodate witnesses where necessary and reasonable.

    c. Plaintiff has requested to invoke the rule of sequestration, and thus the Court orders that witnesses be sequestered at trial. Counsel shall promptly inform and advise all unsworn witnesses as to the rule of witness sequestration and ensure no unsworn witnesses enter the courtroom or otherwise overhear, read, or discuss witness testimony until the witness has testified and will not be recalled by either Party or has been excused. *See* Fed.R.Evid. 615; *United States v. Heard*, 725 F. App'x 743,

748 (11th Cir. 2018). Counsel may place witnesses on call at counsel's discretion but shall ensure that any on-call witness is present and available when called to testify. The Court will not call a recess to wait for the appearance of an on-call witness.

2. Counsel and staff shall strictly comply with the Court's rules regarding possession and use of electronic devices.

3. Counsel shall not make speaking objections or respond likewise. Objections and responses shall be directed to the Court, not opposing counsel.

4. Review of documents in court by counsel prior to presenting them to a witness is simply to verify the identity of the document, not for in-depth review of its substance.

5. All exhibits admitted into evidence shall be placed in the custody of the courtroom deputy at the end of the trial day, unless otherwise allowed by the Court and noted for the record. In such case, the proponent shall ensure the safekeeping of the exhibit until placed in the custody of the courtroom deputy and noted in the record. Counsel shall promptly cooperate as necessary to assemble electronic exhibits as required by the Rules.

6. Counsel shall address witnesses from the lectern except when permitted upon request to approach a witness. In such case, counsel shall promptly return to the lectern in anticipation of testimony upon continued examination.

7. Cross-examination, re-direct, re-cross, etc., shall be strictly limited to the scope of the immediately preceding examination.

8. Objections and responses thereto will be made by the attorneys participating in the witness's direct and cross-examination. However, upon request, the Court will allow the examining attorney a brief time to confer with co-counsel.

9. The Court expects and requires that all counsel comport themselves to the standards of professionalism, Rules of Conduct, Local Rules, and all orders and instructions of the Court. Knowing or intentional violation of an order, rule, or instruction may subject counsel to sanctions.

The Court may amend these rules and instructions as necessary.

**SO ORDERED**, this 2nd day of March, 2023.

s/ *Thomas Q. Langstaff*
UNITED STATES MAGISTRATE JUDGE

2